WEB GRAPHICS, INC.,
Plaintiff-Appellant,

v.

JOS. HUNKELER, LTD. and Heidelberg Eastern, Inc., Defendants-Appellees.

No. 1190, Docket 82–7174.

United States Court of Appeals,
Second Circuit.

Argued May 17, 1982.
Decided July 2, 1982.

---

James Silberman, New York City (Randy Lipsitz, Blum, Kaplan, Friedman, Silberman & Beran, New York City, of counsel), for plaintiff-appellant.

Willian J. Hone, New York City (Richard P. Ferrara, Davis, Hoxie, Faithfull & Hapgood, New York City, of counsel), for defendants-appellees.

Before MANSFIELD, MESKILL and PRATT, Circuit Judges.*

PER CURIAM:

Jos. Hunkeler, Ltd. ("Hunkeler") manufactures paper handling machines. Web Graphics, Inc. ("Web") manufactures business form products, and until 1978 Web used Hunkeler paper handling machines. In 1978 Web developed a more efficient machine than Hunkeler's and, under the restrictions of a secrecy agreement, two representatives of Hunkeler were permitted to examine Web's machine. At the time, the parties anticipated that Hunkeler would be able to negotiate a license to manufacture Web's machines. When this budding business relationship soured in the fall of 1978, Hunkeler began to manufacture a machine that used techniques similar to those employed in the Web machine.

Web then commenced this action against Hunkeler and Heidelberg Eastern, Inc.** alleging, *inter alia*, that Hunkeler had misappropriated Web's trade secrets, thereby wrongfully obtaining a "head start" over others in the industry who did not have access to the trade secrets until Web received its patent on June 2, 1981. A "head start" is the length of time it would have taken for the misappropriator to incorporate the trade secret had it not wrongfully used the information prior to public disclosure. The district court denied Web's mo-

tion for a preliminary injunction because it determined that by the time of its January 13, 1982 order the four to six months constituting the head start period had already expired.

Appellees cite *Conmar Products Corp. v. Universal Slide Fastener Co., Inc.*, 172 F.2d 150 (2d Cir. 1949), and *Timely Products Corp. v. Arron*, 523 F.2d 288 (2d Cir. 1975), for the proposition that no injunction may issue against a misappropriator of a trade secret after the trade secret has become public through issuance of a patent. Web argues that *Conmar* does not apply where, as here, an injunction is sought during and for the length of the head start period. Web would have us follow the Ninth Circuit's rule which permits injunctions prohibiting the use of the trade secrets to issue against a misappropriator "for the approximate period it would require a legitimate * * * competitor to develop a successful machine after public disclosure of the secret information." *Winston Research Corp. v. Minnesota Mining & Manufacturing Co.*, 350 F.2d 134, 142 (9th Cir. 1965).

On this record there is a good basis for concluding that the appropriate head start period was eight months, not four to six months as the district court determined. Nevertheless, even the larger head start period has expired now, so even if we were to read *Conmar* as Web suggests, the district court's denial of preliminary injunctive relief must be affirmed. We leave for another day the appealing question of whether this court should limit *Conmar* and *Timely Products* to their facts and approve a "head start" rule which would deny a misappropriator of trade secrets the benefit of his misconduct.

The order of the district court is affirmed.

---

* When this appeal was heard, Judge Pratt was a District Judge for the Eastern District of New York, sitting by designation. He was inducted as a judge of this court on June 29, 1982.

** Defendant-appellee Heidelberg Eastern, Inc. is Hunkeler's United States sales agent for paper handling equipment.